Argued March 19, affirmed June 11, reconsideration denied August 14, petition for review denied October 9, 1979, 287 Or 507

# 1000 FRIENDS OF OREGON, *Appellants,*
## *v.*
# BOARD OF COMMISSIONERS OF CLACKAMAS COUNTY, *Respondents,*
## *and*
# PRAGGASTIS, *Intervenor-Respondent.*
## (No. 77-8-255, CA 11132)

595 P2d 1273

Richard P. Benner, Portland, argued the cause and filed the briefs for appellants.

Scott H. Parker, County Counsel, Oregon City, argued the cause for respondents. With him on the brief was Michael E. Judd, Assistant County Counsel, Oregon City.

James H. Clarke, Portland, argued the cause for intervenor- respondent. With him on the brief were John Wiley Gould, Mark S. Dodson, Stephen L. Wilson, and Spears, Lubersky, Campbell & Bledsoe, Portland.

Before Schwab, Chief Judge, and Tanzer, Richardson, and Roberts, Judges.

RICHARDSON, J.

**RICHARDSON, J.**

This writ of review proceeding involves the propriety of a variance allowing a residential subdivision developer to serve a previously approved subdivision by individual wells rather than a community water supply system. The Clackamas County Board of Commissioners (Board) granted the variance. Petitioner challenged the Board's action by writ of review. The circuit court dismissed the writ and petitioner appeals urging three contentions: (1) the Board improperly applied the ordinance which allows a variance; (2) the Board's findings were not supported by substantial evidence; and (3) LCDC Statewide Planning Goal #3 should have been applied to deny the variance.

In November of 1975, the Board gave preliminary approval of the subdivision plat, located in Clackamas County, conditioned on several factors, one of which was approval of a community water system by the Portland Metropolitan Area Local Government Boundary Commission (Boundary Commission). The relevant ordinance required all such subdivisions to be served by a community water system. The Boundary Commission denied subdivider's application for such a water system in October of 1976, for the reason that the water system would serve nonfarm use, which use would violate Statewide Planning Goal #3. The Boundary Commission advised the developer to seek a variance from the Planning Commission. The Boundary Commission did not deny the application on the merits of the type of water system to be employed. The subdivider then sought a variance which was denied by the Planning Commission. Subdivider appealed to the Board, which approved the variance request. Petitioner then petitioned for writ of review which was denied. It appeals.

Petitioner's first and second assignments relate to application of the ordinance providing for a variance, and whether there is substantial evidence to support

the Board's order. The applicable ordinance pertaining to water systems requires that:

"All subdivisions with four (4) or more lots shall be served by a community or public water supply as defined and governed by State regulations." Article VI, Section G, 1.0, Clackamas County Subdivision and Partitioning Ordinance.

A variance may be granted:

"Where the Planning Commission finds that extraordinary hardship may result from strict compliance with these regulations or in the public interest, it may vary the regulations so that substantial justice may be done and the public interest secured; provided that such variation will not have the effect of nullifying the intent and purpose of the comprehensive plan or these regulations." Article VIII, Section K, 1.0, Clackamas County Subdivision and Partitioning Ordinance.

The conditions specified in the variance ordinance are in the disjunctive and a finding of either "extraordinary hardship" or that the variance is "in the public interest" will suffice. Because we determine the Board properly applied the public interest criterion in granting the variance, it is unnecessary to discuss application of the extraordinary hardship standard.

■ It is important to remember that the Board found that the subdivision was in the public interest at the time the subdivision plat was given preliminary approval. That decision was not appealed and consequently this is not the proper proceeding to relitigate that issue. The question at this stage of the proceeding is whether a variance respecting the public water supply requirement was in the public interest, not whether the subdivision is in the public interest.

■■ The essential reasoning of the Board in granting the variance was that the subdivision had already been determined to be in the public interest and a change in the water supply system did not negate that determination. The Board made a specific finding that sufficient ground water resources are available for

[532]

domestic purposes. That finding is supported by substantial evidence. The evident purpose of the ordinance requiring a community water supply system for a subdivision is to insure that there is an adequate and safe water supply to the subdivision. The Board concluded, on the basis of evidence presented at the hearing, that this requirement could be met by individual wells rather than a community water system and the variance did not have the effect of "nullifying the intent and purpose" of the subdivision ordinance. We conclude that the Board properly applied the public interest criterion and that the findings and conclusions were supported by substantial evidence and substantial reasoning.

The final contention is that the Board should have applied LCDC Statewide Planning Goal #3 in determining if the variance should have been granted. The argument advanced is as follows: The decision to grant a variance is a land use decision, has a substantial impact on land use, and is tantamount to approval of the subdivision itself; therefore, approval of the subdivision will allow intrusion of residential units into a rural area, contrary to the exclusive farm use designation of the land underlying the planned subdivision and contrary to Statewide Planning Goal #3.

■  The substance of this argument is an attack on the original approval of the subdivision. Goal #3 is concerned with the preservation and maintenance of agricultural land. The land use decision was made at the time the Board granted tentative approval of the subdivision plat. Modification of that plan by a variance must be reviewed on its merits. The proceeding to review a grant of variance cannot be converted into a proceeding to attack the tentative plat collaterally. *Bienz v. City of Dayton,* 29 Or App 761, 566 P2d 904, *rev den* (1977). The decision to allow the subdivision to be served by individual wells rather than one single well does not convert agricultural land to

residential, and is not tantamount to approval of the subdivision.

Affirmed.