LEMKE,
*Petitioner,*

*v.*

LANE COUNTY,
*Respondent.*

(No. 80-169, CA A21014)

643 P2d 1306

Lawrence F. Cooley, Eugene, argued the cause and filed the brief for petitioner.

William A. Van Vactor, County Counsel, Lane County Office of Legal Counsel, Eugene, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Richardson, and Warren, Judges.

RICHARDSON, J.

## RICHARDSON, J.

This is an appeal from an order of the Land Use Board of Appeals (LUBA) affirming the denial by the Lane County Board of Commissioners (County) of petitioner's application for approval of a tentative subdivision plat. The issue is whether the county may review the land use aspects of a tentative subdivision plat after having previously granted petitioner an unzoned area subdivision permit. We affirm.

Petitioner owns approximately 90 acres of rural, undeveloped, unzoned land adjacent to a coastal lake in Lane County, which he intends to develop as a 38-lot rural-residential subdivision. The first step in the land development process was taken by petitioner's predecessor, who obtained an "unzoned area development permit" from the County in December, 1978. The permit is required in unzoned areas for major land uses such as a residential subdivision. Lane County Code § 9.710(29). The County granted the permit following a public hearing and on findings that "[t]he proposed development complies with the goals and recommendations of the comprehensive plan" and that the county's coastal subarea plan designates the property as "rural residential."[1]

Petitioner then took the second step in the process by requesting the County's approval of his tentative subdivision plat. The County again reviewed his application for compliance with the comprehensive plan and with applicable statewide land use planning goals. After making detailed findings of noncompliance, the county denied his application in November, 1980. Petitioner appealed the denial to LUBA, which affirmed the decision on the ground that petitioner's requested permit was contrary to the comprehensive plan and several statewide planning goals. Petitioner appeals.

---

[1] Lane County Code §§ 9.715(1)(a)(i) and (2) require the proposed use to be in compliance both with the Lane County comprehensive plan and with "applicable LCDC Statewide Goals." Lane County made no express finding that the statewide goals were satisfied. Neither party addressed this matter originally or on appeal before LUBA or this court, and we will assume that the unzoned area development permit was validly issued and that Lane County determined that all applicable local and statewide land use planning criteria were satisfied.

Petitioner argues that questions concerning comprehensive plan and statewide planning goal compliance were determined in issuing the unzoned area development permit and cannot be collaterally attacked in the proceeding for approval of the tentative subdivision plat. He contends the second decision may involve only review for compliance with the county's subdivision ordinance, and that, because the time for appeal of the first decision had expired before the second step had been taken, the land use issues were closed to further review.

Petitioner contends that he is in the same position as the developer in *1000 Friends v. Clackamas Co. Comm.*, 40 Or App 529, 595 P2d 1273, *rev den* 287 Or 507 (1979). In that case the developer had received approval of his preliminary subdivision plat and later obtained a variance pertaining to the subdivision's water system. The variance was challenged on the basis that it violated Statewide Goal 3. We rejected the challenge, stating:

"* * * The land use decision was made at the time the board granted tentative approval of the subdivision plat. Modification of that plan by a variance must be reviewed on its merits. The proceeding to review a grant of variance cannot be converted into a proceeding to attack the tentative plat collaterally. *Bienz v. City of Dayton,* 29 Or App 761, 566 P2d 904, *rev den* (1977). * * *" 40 Or App at 533.

Similarly, petitioner argues, the proposed subdivision must be reviewed on its merits and the subdivision application cannot reopen the subject of the appropriate land use of his property.[2]

■ Contrary to petitioner's contention, we conclude that the County properly considered the goal compliance

---

[2] There is no issue in this case that Lane County erred in granting the unzoned area development permit and was correcting itself during consideration of the subdivision application. *See* n 1, *supra.* Moreover, petitioner recognizes that his unzoned area development permit does not grant irrevocable rights and that Lane County is free to change the law and thus modify or revoke his rights. *Twin Rocks Watseco v. Sheets,* 15 Or App 445, 516 P2d 472 (1973), *rev den* (1974). In this case we will assume that Lane County did not change the law. This case, therefore, is not a "vested rights" case in which petitioner claims a right to continue his nonconforming use. *See Clackamas County v. Holmes,* 265 Or 193, 508 P2d 190 (1973); *cf. Eklund v. Clackamas County,* 36 Or App 73, 583 P2d 567 (1978) (developer with approved tentative subdivision plat established vested rights to continue use despite conflicting comprehensive plan and statewide goals).

question during the second proceeding regarding the tentative subdivision plat. While the County determined in the first proceeding that the subdivision *use* complied with the subarea plan,[3] that determination does not foreclose the issue of statewide goal compliance as applied to the plat itself.

■     At the time of this proceeding before LUBA, the County's comprehensive plan had not been acknowledged by LCDC. ORS 197.250, 197.251(1). During the pre-acknowledgment phase, individual land use decisions are subject to direct application of the statewide goals. *Alexanderson v. Polk County Commissioners,* 289 Or 427, 616 P2d 459 (1980); *Hilliard v. Lane County Commissioners,* 51 Or App 587, 626 P2d 905, *rev den* 291 Or 368 (1981); Or Laws 1979, ch 772, §§ 3, 5, 6. Petitioner's proposed subdivision is in an area encompassed by the Coastal Subarea Plan which is part of the county's proposed, but unacknowledged, comprehensive plan. The area involving the proposed subdivision is unzoned. In granting the unzoned area development permit, the county concluded that a subdivision was not incompatible with the Coastal Subarea Plan. This is in the nature of a zoning decision regarding previously unzoned land. This permit did no more than grant petitioner approval to go forward with the planning of his subdivision. The County's planning ordinances require a petitioner granted an unzoned area development permit also to obtain tentative subdivision plat approval. Lane County Code, § 9.710. This step is no different than that required of a developer who applies for a tentative subdivision plat in an area already zoned for subdivision use. The tentative subdivision plat must comply with applicable land use criteria, including statewide planning goals or an acknowledged comprehensive plan.

The order granting the unzoned area development permit provided in part:

> "(6)   Considerable interest and concern in the proposed development has been expressed by residents in the surrounding area. For this reason review of the tentative subdivision plat by the board is desirable.

---

[3] *See* n 1, *supra.*

"(7) The proposed development complies with the goals and recommendations of the comprehensive plan. Approval of the tentative subdivision plat by the Land Development Review Committee, however, must be reviewed and ratified by the West Lane Planning Commission."

Petitioner was on notice that tentative subdivision plat approval was required and that his subdivision plan would be reviewed.

■    Petitioner is in a different position than the developer in *1000 Friends v. Clack. Co. Comm., supra.* That developer had proposed a subdivision on land zoned for that purpose and had obtained approval of a subdivision plat. Petitioner is at the stage already passed by that developer. Because the unzoned area development permit was granted at a preliminary stage that merely allowed planning to proceed, we hold that that decision was not "collaterally attacked" in the tentative subdivision plat approval proceedings within the meaning of *1000 Friends.*

■    Petitioner, in his second assignment, contends LUBA incorrectly affirmed the County's conclusion that his proposed subdivision was incompatible with the Coastal Subarea Plan. We agree with LUBA's analysis of the Coastal Subarea Plan as it relates to the proposed subdivision. As explained by LUBA, the subdivision plan is inconsistent with the Coastal Subarea Plan.

Affirmed.